IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESSICA JARRELL                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:08cv1395HSO-JMR

PEARL RIVER COUNTY SHERIFF'S
DEPARTMENT AND BRANDON PENTON,
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES                                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR QUALIFIED IMMUNITY**

THIS MATTER COMES BEFORE THE COURT on the Motion [21] for Qualified Immunity of Brandon Penton, Individually. Plaintiff filed a Response [23], and Defendant a Reply [30]. After consideration of the submissions, the record in this case, and the relevant legal authorities, the Court concludes that Defendant's Motion should be denied.

I. BACKGROUND

On November 12, 2008, Plaintiff filed her Complaint against the Pearl River County Sheriff's Department ("PRCSD") and Brandon Penton ("Penton"), in his official and individual capacities, asserting violations of her Fourteenth Amendment due process rights, pursuant 42 U.S.C. § 1983. Plaintiff alleges that Penton, while in the course and scope of his duties as a deputy with the PRCSD, sexually fondled Plaintiff in December 2007, while he was transporting her in his patrol car. *See* Compl. ¶ V. Penton maintains that on the evening of this alleged incident, he responded to a call from the Picayune Police Department for back up assistance at a local bar. *See* Def.'s Mot. at p. 1. Plaintiff was present at the bar when Penton

arrived. *See id.*; *see also* Pl.'s Resp. at p. 1. Penton asserts that he knew Plaintiff personally, and offered to drive her to another location so that she would not be arrested for public intoxication. *See* Def.'s Mot. at p. 1. Plaintiff claims that Penton sexually fondled her during this transport. *See* Pl.'s Resp. at p. 1.

Penton now seeks dismissal of Plaintiff's claims against him in his individual capacity, on grounds that: (1) he is entitled to qualified immunity as to Plaintiff's § 1983 claims; and (2) to the extent Plaintiff is asserting State law claims against him, he is otherwise immune from suit pursuant to the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1, *et seq*. Plaintiff opposes the Motion. In support of her Response, she submits, among other things, a report taken by Captain Kelvin Stanford of the PRCSD regarding the incident. *See* Stanford Report, attached as Ex. "A" to Pl.'s Resp. At a minimum, the report reveals a dispute between the parties as to whether the incident occurred and, if it did, whether it was consensual. *See id.*

## II. DISCUSSION

A. Standard of Review

The Court construes Defendant's Motion as one brought pursuant to Federal Rule of Civil Procedure12(b)(6), for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "If, on a motion under Rule 12(b)(6)..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Plaintiff has attached, and the Court has considered, matters outside the pleadings. Defendant's Motion will therefore be treated as one for summary judgment. *See*

*Martinez v. Klevenhagen*, 52 F.3d 1068, at *2 (5th Cir. 1995) (*citing Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991)).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (emphasis in original). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary

judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

B. <u>Qualified Immunity</u>

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *See White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights; section 1983 was intended to preserve rights protected by federal law. *See Wright v. Collins*, 766 F.2d 841, 849 (5th Cir. 1985).

"Qualified immunity balances two important interests– the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson* v. *Callahan*, - - U.S - - , 129 S. Ct. 808, 815 (2009). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (*citing Bazan ex. rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)). This burden cannot be discharged by conclusory

allegations and assertions. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

The qualified immunity analysis involves a two prong inquiry: (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) whether that right was clearly established at the time of the alleged misconduct. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson*, 129 S.Ct. 808. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. It is within the discretion of the district court to decide which of the two prongs of the qualified immunity analysis to address first. *See Pearson*, 129 S. Ct. at 818.

Plaintiff's § 1983 challenge is grounded upon the Fourteenth Amendment substantive Due Process Clause. "Regardless of the theory of liability that a plaintiff is pursuing, in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *McClendon*, 305 F.3d at 325. "Restated, a plaintiff must allege conduct which 'shocks the conscience.'" *Murray v. Earle*, 2008 WL 1744257, at * 5 (5th Cir. 2008) (*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

Here, Plaintiff alleges sexual fondling by an on-duty police officer. As early as 1981, this Circuit held that, "[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." *Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir. 1981) (finding a

deprivation of constitutional rights where a police officer caused bodily injury to a tourist by striking him with his nightstick after the tourist took a photograph of the officer); *see also Doe v. Taylor Indep. School Dist.,* 15 F.3d 443, 451 (5th Cir. 1994) (holding that school children have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and that sexual abuse by a school employee violates that right). "[O]ther circuits have...upheld the constitutional principle that there is a substantive due process right to be free from state-imposed violations of bodily integrity in cases involving rape and sexual harassment by police officers...." *McClendon*, 305 F.3d at 336 (Parker, R., dissenting) (*citing Rogers v. City of Little Rock, Ark.,* 152 F.3d 790, 796 (8th Cir. 1998)); *see also Haberthur v. City of Raymore, Missouri*, 119 F.3d 720, 723-24 (8th Cir. 1997) (finding that the plaintiff had asserted a colorable § 1983 claim against an on-duty police officer for alleged sexual fondling).

Based on the present record, the Court is persuaded that Plaintiff's allegations against Penton, if true, assert a violation of a clearly established constitutional right of which a reasonable person would have been aware. Moreover, because the record reveals that there are disputes of fact as to whether or not Penton sexually fondled Plaintiff without her consent, the Court cannot grant Penton's Motion as to Plaintiff's § 1983 claims against him. *See Jones v. Jackson State University*, No. 3:07cv72, 2008 WL 682411, at * 5 (S.D. Miss. 2008).

C. <u>Mississippi Tort Claims Act</u>

Penton submits that to the extent Plaintiff has alleged State law tort claims

against him, those claims are barred by the Mississippi Tort Claims Act ("MTCA"), MISS. CODE ANN. §§ 11-46-1, *et seq*. Plaintiff's Response does not address this argument. Because the Court is of the opinion that Plaintiff's Complaint does not plead any State law tort claims against either Penton or the PRCSD, this issue is moot and need not be addressed further.

### III. CONCLUSION

Based on the foregoing, genuine issues of material fact preclude qualified immunity in favor of Penton.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion [21] for Qualified Immunity of Brandon Penton, Individually, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of December, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE