**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JESSICA JARRELL** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:08cv1395HSO-JMR** |
| | § | |
| **PEARL RIVER COUNTY SHERIFF'S DEPARTMENT** | § | |
| | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE**

BEFORE THE COURT are the Motions to Dismiss [41], [48] of Defendant Brandon Penton, filed on August 17, 2010, and December 30, 2010, respectively, in the above-captioned cause. Defendant seeks dismissal of Plaintiff's case with prejudice, for lack of prosecution and/or for failure to comply with this Court's October 13, 2010, Corrected Order [45], and November 17, 2010, Order to Show Cause [46]. After consideration of the record and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motions to Dismiss should be granted in part and denied in part, and that Plaintiff's claims should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff filed this suit on November 12, 2008. Compl. [1]. On August 17, 2010, Defendant Brandon Penton filed a Motion to Dismiss [41] for Lack of Prosecution, which remains pending. On August 25, 2010, counsel for Plaintiff filed a Motion [42] to Withdraw as Attorney. On October 13, 2010, Chief Magistrate Judge John M. Roper held a hearing on the Motion to Withdraw, and granted the

Motion. Pursuant to the Magistrate's Corrected Order [45] entered that same day, Plaintiff had thirty (30) days from the date of the Order to inform the Court, in writing, of her selection of new counsel or of her intention to proceed *pro se.* Corr. Order [45], at p.2. Plaintiff was warned that failure to comply with the Court's Order could result in dismissal of this action. *Id.* The record reflects that this Order [45] was received on October 16, 2010. Acknowledgment of Receipt [47].

On November 17, 2010, this Court entered an Order to Show Cause [46], directing Plaintiff to respond to the Motion to Dismiss or otherwise show cause, in writing, on or before December 15, 2010, why this case should not be dismissed for failure to prosecute and failure to comply with the Court's October 13, 2010, Corrected Order. Show Cause Order [46], at p. 2. Defendant filed a second Motion to Dismiss [48] for Lack of Prosecution on December 30, 2010. On January 3, 2011, the Court entered a Second Order to Show Cause [49], directing Plaintiff to respond to the Motions to Dismiss or otherwise show cause, in writing, on or before January 24, 2011, why this case should not be dismissed for failure to prosecute and failure to comply with the Court's prior Orders [45], [46]. Second Show Cause Order [49], at p. 2. The record reflects that this Order [49] was received on January 14, 2011. Acknowledgment of Receipt [51]. To date, Plaintiff has not responded.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). This Court also

has the inherent authority to dismiss an action *sua sponte* for lack of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630-31. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Id.* at 629-30.

To date, Plaintiff has not complied with this Court's October 13, 2010, November 17, 2010, or January 3, 2011, Orders [45], [46], [49], nor has she responded to Defendant's Motions to Dismiss [41], [48]. Plaintiff has not filed any other pleadings in this matter since the October 13, 2010, withdrawal of her attorney. The Court is of the opinion that dismissal for failure to prosecute, as well as for failure to comply with this Court's Orders, is warranted in this case.

Defendants request dismissal of this action with prejudice. It is true that a dismissal for failure to prosecute may be with prejudice. *See Link*, 370 U.S. at 629. However, the Fifth Circuit has "deemed dismissal with prejudice a 'draconian remedy' and a 'remedy of last resort.'" *F.D.I.C. v. Conner,* 20 F.3d 1376, 1384 (5th Cir. 1994) (*quoting Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)). The Fifth Circuit has warned that such a "lethal weapon" should only be used under extreme circumstances, when lesser sanctions would have proved futile. *See id.* (*citing E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir.

1993); *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir. 1984)). Though Defendants have had to defend this action for over two (2) years, the Court is nevertheless of the opinion that dismissal of Plaintiff's claims without prejudice is appropriate in this case.

## III. CONCLUSION

For the reasons stated herein, this Court will grant the Motions to Dismiss in part, and will dismiss the Complaint in this cause pursuant to Rule 41(b), without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motions to Dismiss [41], [48] of Defendant Brandon Penton, filed on August 17, 2010, and December 30, 2010, respectively, in the above-captioned cause, should be and hereby are **GRANTED IN PART AND DENIED IN PART**, and that Plaintiff's case should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 26th day of January, 2011.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE